UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:12-cv-44-DBH |
| TRI STATE CRANE RENTAL CORP., et al., | ) ) ) | |
| Defendants | ) ) | |

## MEMORANDUM DECISION ON EX PARTE MOTION FOR ATTACHMENT

The plaintiff seeks pre-judgment attachment, on an *ex parte* basis, against the property of each of the four named defendants in this action – Tri State Crane Rental Corp., James F. Keeley Jr., Keeley Crane Service, and Keeley Construction Co., Inc. – in the amount of $1,100,000.00. Motion for *Ex Parte* Prejudgment Attachment and Trustee Process Against Defendants Tri State Crane Rental Corp., James F. Keeley Jr., Keeley Crane Service and Keeley Construction Co., Inc. ("Motion") (Docket No. 4). I deny the motion.

### I. Applicable Legal Standard

Maine law, which is applicable to motions for pre-judgment attachment in this court, Fed. R. Civ. P. 64; Local Rule 64; *Ali, Inc. v. Fishman*, 855 F. Supp. 440, 442 (D. Me. 1994), provides that, in order for this court to grant an *ex parte* attachment,

> the Court must find that *it is more likely than not* that Plaintiff will recover an amount greater than any insurance, bond, or other security known to exist AND *either* that: (a) *there is a clear danger* that the Defendant, if notified in advance of the attachment, will remove or

> conceal the property *or* (b) there is *immediate danger* that Defendant will damage/destroy the property to be attached.

Carlson v. Rice, 817 F. Supp. 193, 194 (D. Me. 1993) (emphasis in original).

## II. Factual Background

The plaintiff alleges that, on February 10, 2009, Tri State Crane Rental Corp. executed and delivered to it a promissory note in the principal amount of $1,381,245.00 (the "Note") and an accompanying Loan and Security Agreement that granted the plaintiff a continuing first priority security interest in the 2009 Grove GMK5165 all-terrain crane that Tri State purchased with the funds disbursed in accordance with the Note. Affidavit of Charles McAllister ("McAllister Aff.") (Docket No. 5) ¶¶ 3-4. The crane was shipped to Keeley Crane Service in Portland, Maine. *Id.* ¶ 4.

James F. Keeley, Keeley Crane Service, and Keeley Construction Co., Inc., each executed and delivered to the plaintiff individual and corporate guarantees of the obligations of Tri State with respect to the Note. *Id*. ¶ 5. The plaintiff perfected its security interest in the crane with a certificate of title naming it as the first lien holder and by filing a UCC-1 Financing Statement with the Secretary of State for the State of New Hampshire. *Id*. ¶ 6. On November 17, 2009, Tri State executed and delivered to the plaintiff an amendment to the Note that restructured the Note by, *inter alia*, extending the maturity date and modifying the interest rate. *Id*. ¶ 7.

In March 2011, Carl D. McKelvy purchased the crane, after seeing it advertised for sale on the internet, from James F. Keeley. Affidavit of Carl D. McKelvy ("McKelvy Aff.") (Docket No. 6) ¶¶ 5, 8. As instructed, McKelvy wired $1,225,000.00 to the Keeley Crane Co. account at Norway Savings Bank. *Id*. ¶ 11. The crane was delivered to McKelvy's yard in Alabama, but he

never received a bill of sale or a certificate of origin, both of which he had requested. *Id*. ¶¶ 9, 13. Eventually, he contacted the plaintiff to request a certificate of title. *Id*. ¶ 16.

On January 9, 2012, McAllister spoke with McKelvy and learned that McKelvy had purchased the Crane from Keeley. McAllister Aff. ¶ 8. The plaintiff then retained Checkmate Inspections to conduct an audit report on the crane at McKelvy's place of business in Alabama, and Checkmate confirmed that the Crane was in the possession of Mac's Crane Service in Alabama. *Id*. ¶ 9. On January 10, 2012, the plaintiff sent a demand letter to each of the defendants, stating that Tri State had failed to pay the plaintiff in a timely fashion, failed to retain the Crane at Tri State's principal address in Seabrook, New Hampshire, failed to notify the plaintiff immediately of any change in location of the Crane, and parted with the possession of the Crane, all in violation of the Note and Agreement. *Id*. ¶ 11. Tri State has defaulted under the terms and conditions of the Note and Agreement, and the full amount is due and owing to the plaintiff from each of the defendants. *Id*. ¶ 12.

In response to the demand letter, the defendants provided a copy of a lease agreement, purportedly between McKelvy's business and Tri State, that was not signed on behalf of McKelvy's business. *Id*. ¶ 13. McKelvy has never seen the lease and never entered into an agreement to lease the Crane. McKelvy Aff. ¶ 17.

As of January 10, 2012, the defendants owe the plaintiff the sum of $1,019,344.37, together with late fees, interest, attorney fees, and costs arising thereafter. McAllister Aff. ¶ 14. The plaintiff anticipates that it will incur attorney fees in connection with this action in an amount no less than $25,000.00. Affidavit of David M. Hirshon (Docket No. 4-1) ¶ 4. The plaintiff's attorneys are not aware of any insurance, bond, or other security that is available to provide the security sought by the motion. *Id*. ¶ 2.

## III. Discussion

The plaintiff makes no attempt to demonstrate that there is an immediate danger that the defendants will damage or destroy any property to be attached, if notified in advance of the request for an attachment. It addresses only the alternate requirement that the plaintiff demonstrate that there is a clear danger that the defendants will remove or conceal any property available for attachment, if they are notified of this request. Motion at 6-7.

The plaintiff asserts, in somewhat conclusory fashion, that

> [t]here is a clear danger that if Defendants are notified in advance of the attachment and trustee process, they will make their property unavailable to satisfy the judgment Plaintiff anticipates obtaining. Defendants have a demonstrated track record of transferring, concealing, and removing from the State property that rightfully should have been turned over to Plaintiff. That property, under the terms of the loan documents, includes both the Crane and the sale proceeds thereof. Defendants have acted surreptitiously to prevent or hinder Plaintiff from reaching its own collateral. It is reasonable to conclude from their conduct that Defendants have been experiencing financial difficulties and have used the proceeds from the sale of Plaintiff's collateral to fund other obligations or operations or for other purposes. It is further reasonable to expect that they will engage in precisely the same sort of exercise as they have in the past in dealing with their remaining property so as to make it unavailable to satisfy the judgment that Plaintiff expects to obtain against them.

*Id.*

While the plaintiff believes that James Keeley is the sole shareholder of each of the corporate defendants, McAllister Aff. ¶ 19, the plaintiff has not tied Keeley Crane Service or Keeley Construction Co., Inc., to the transfer of the Crane in any way. It is in fact not reasonable to conclude from the showing made that either of these corporations will attempt to make assets unavailable as soon as they are made aware of the plaintiff's request for an attachment against them. Further, and particularly in the absence of any attempt to show what assets the defendants do have, if any, the plaintiff offers only speculation .

As was the case in *Rockport Whale Watch, Inc. v. Hawley*, No. 07-148-P-H, 2007 WL 4531714, at *2 (D. Me. Dec. 18, 2007), *aff'd* Jan. 3, 2008 (Docket No. 15), the plaintiff offers nothing beyond an assumption that, because two of the defendants put the plaintiff's collateral beyond its reach, all of the defendants will do something similar with whatever assets they have when they become aware of this action. "But that conclusion does not follow from the premise, and the plaintiff has certainly presented no evidence of a clear danger that the defendants will 'remove or conceal' this property," whatever it might be. *Id.*

I emphasize that, with the crane that is the subject of this action already in Alabama, this court's precedents require more than an assertion that, because the defendant has removed an important asset from this jurisdiction, under circumstances that did not involve any threat of court-ordered attachment, there is a clear danger that it will remove or conceal other unidentified assets if notified of the plaintiff's request for a pre-judgment attachment. In this case, and in the motion at issue, the plaintiff has offered nothing more.

I do not reach the merits of the plaintiff's motion because it is not entitled to *ex parte* consideration. The motion is **DENIED**.

Dated this 13th day of February, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge