UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| TRI STATE CRANE RENTAL CORP., et al., | ) ) ) ) |
| Defendants | ) |

No. 2:12-cv-44-DBH

## MEMORANDUM DECISION ON MOTION FOR ATTACHMENT

The plaintiff, De Lage Landen Financial Services, Inc., seeks attachment and attachment on trustee process in the amount of $1,100,000 against the property of each of the defendants, Tri State Crane Rental Corp., James F. Keeley, Jr., Keeley Crane Service, and Keeley Construction Co., Inc. Motion for Prejudgment Attachment and Trustee Process Against Defendants Tri State Crane Rental Corp., James F. Keeley[,] Jr., Keeley Crane Service and Keeley Construction Co., Inc. ("Motion") (Docket No. 9). I grant the motion.

### I. Applicable Legal Standard

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c).

1

Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id*. (i).

Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court, and only upon a finding that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance or other security shown to be available to satisfy the judgment. *Id*. (c), Maine R. Civ. P. 4B(c). There has been no showing in connection with the motion for attachment in this case that any liability insurance or other security is available to satisfy the judgment sought.[1]

## II. Factual Background

The affidavits submitted by the parties establish the following undisputed facts.

In February 2009, the plaintiff loaned defendant Tri State Crane Rental Corp. $1,381,245.00 that was used to purchase a crane. Affidavit of Charles McAllister ("First McAllister Aff.") (Docket No. 9-2) ¶¶ 3-4. Tri State Crane Rental Corp. executed and delivered to the plaintiff a promissory note in this amount and a Loan and Security Agreement in connection with that note. *Id* ¶ 3. In connection with the promissory note, defendants Keeley, Keeley Crane Service, and Keeley Construction Co., Inc., executed and delivered to the plaintiff individual and corporate guarantees of the promissory note. *Id*. ¶ 5.

The plaintiff perfected its security interest in the crane by virtue of a certificate of title, naming the plaintiff as the first lien holder, and by filing a UCC-1 financing statement with the

---

[1] The defendants assert, without citation to authority, that the plaintiff "retains a first lien on the crane." Defendants' Response to Plaintiff's Motion for Prejudgment Attachment ("Opposition") (Docket No. 15) at 2. Nothing is added by the defendants' citation to basic principles of security law. *Id* at 4-5. Where the security has been sold without notice of the plaintiff's lien to an out-of-state buyer, nothing remains recoverable by the plaintiff under any lien, as a practical matter. In any event, as my subsequent analysis establishes, the sale of the crane was a violation of the security agreement sufficient to entitle the plaintiff to recover the full amount due under the loan and security agreement independent of the possible existence of a foreclosable lien on the crane.

2

Secretary of State for the State of New Hampshire. *Id*. ¶ 6. On or about November 17, 2009, Tri State Crane Rental Corp. executed and delivered to the plaintiff an amendment to the promissory note that extended the maturity date and modified the interest rate. *Id*. ¶ 7.

On January 9, 2012, McAllister, the plaintiff's litigation and recovery specialist, spoke with Carl D. McKelvy, the sole proprietor of Mac's Crane Service , which is located in Alabama. *Id*. ¶¶ 1, 8; Affidavit of Carl D. McKelvy ("First McKelvy Aff.") (Docket No. 9-19), ¶ 1. McKelvy advised McAllister that he had purchased the crane from the defendants in March, 2011 for $1,225,000.00, which he had wire transferred to a bank account in Maine, but that he had never received an invoice, a bill or sale, or a certificate of origin for the crane. First McAllister Aff. ¶ 8; First McKelvy Aff. ¶ 11. Prior to this telephone call, the plaintiff was unaware that the crane had been transferred to a third party. First McAllister Aff. ¶ 10.

As a result of this telephone conversation, the plaintiff retained the services of Checkmate Inspections, which delivered to McAllister on January 10, 2012, an audit report confirming that the crane in the possession, custody, and control of Mac's Crane Service was the crane subject to the promissory note, the Loan and Security Agreement, and the amendment to the note. *Id*. ¶ 9. On January 10, 2012, the plaintiff sent a demand letter to each of the defendants, setting out the ways in which Tri State Crane Rental Corp. was in violation of the terms of the promissory note and the Loan and Security Agreement. *Id*. ¶ 11. In response, the defendants provided a copy of a lease agreement which was not signed by McKelvy or by Mac's Crane Service. *Id* ¶ 13.

If the defendants are liable to the plaintiff, as of January 10, 2012, they jointly and severally owe the plaintiff the sum of $1,019,344.37, together with late fees, interest, and attorney fees and costs. *Id*. ¶ 14. Attorney fees incurred in connection with the default are expected to be approximately $25,000.00, and interest is accruing daily at the rate of $502.69.

3

*Id*. ¶ 15. The only insurance, bond or security that the plaintiff had with respect to the promissory note was the crane. *Id*. ¶ 17.

The defendants never notified the plaintiff of the sale of the crane. *Id*. ¶ 21. McKelvy did not lease the crane; he purchased it after finding it listed for sale on cranenetwork.com. First McKelvy Aff. ¶ 10. After McKelvy received the crane, he contacted the plaintiff to request a certificate of title after repeated unsuccessful attempts to contact defendant James Keeley. *Id*. ¶¶ 13-16. A few weeks before March 19, 2012, James Keeley called McKelvy and asked him to the sell the crane back to Keeley. Affidavit of Carl D. McKelvy ("Second McKelvy Aff.") (Docket No. 18-4) ¶¶ 3-4. McKelvy refused. *Id*. ¶ 5.

### III. Discussion

Tri State Crane Rental Corp. clearly violated one or more terms of the Loan and Security Agreement. On the showing made, it sold the crane that was the security for the loan in violation of section 11 of the Terms and Conditions of the Loan and Security Agreement: "Borrower hereby agrees and covenants as follows: (i) . . . Borrower shall keep the Equipment free and clear of any security interest, lien or encumbrance and shall not sell, lease, assign (by operation of law or otherwise), exchange or otherwise dispose of any of the Equipment[.]" Loan & Security Agreement (Docket No. 9-6) § 11. The agreement states that selling, transferring, or parting with possession of the crane constitutes default. *Id.* § 15. That violation alone entitles the plaintiff to recover the outstanding amount, as demanded in its letter dated January 10, 2012. Docket No. 5-14.

It is not necessary to reach the parties' dispute about whether Tri State Crane Rental Corp. is also in default under the agreement by failing to keep current in its payments, but, if it were, I find the plaintiff's affidavit testimony and business records showing a failure to make the

November 2011 payment, Affidavit of Charles McAllister ("Second McAllister Aff.") (Docket No. 18-1) ¶ 3 & Exh. A, more convincing than Mr. Keeley's unsupported assertion that Tri State Crane Rental Corp. "has made all necessary payments and remains current in its obligations to Plaintiff[.]" Affidavit of James F. Keeley, Jr. (Docket No. 16) ¶ 7.

The fact that Tri State Crane Rental Corp. apparently still has the certificate of title for the crane, *id*. ¶ 8, does not mean that it has not sold the crane. All of the other evidence, including Keeley's telephone call to McKelvy requesting that McKelvy sell the crane back to Keeley or one of his corporate entities, allows only one reasonable conclusion: the crane at issue was offered for sale on the internet and was sold to McKelvy, in violation of the Loan & Security Agreement.

The plaintiff has also established that the defendants other than Tri State Crane Rental Corp. are equally liable by virtue of their guarantees. First McAllister Aff. ¶ 5 & Exhs. G, H & I (Docket Nos. 5-7, 5-8 & 5-9). Accordingly, attachment against their assets is equally appropriate. It is more likely than not that the plaintiff will recover against all of the defendants.

The defendants complain that the amount of the attachment sought, $1,100,000.00, "exceeds Plaintiff's projected judgment." Opposition at 4. That is correct, but not by much. The amount due on the defaulted loan is $1,019,344.37. First McAllister Aff. ¶ 14. The amount of estimated attorney fees associated with this action is $25,000.00. *Id*. ¶ 15. Interest on the amount due is accruing at the rate of $502.69 per day, *id*., or a total of $33,177.54 to date ($502.69 x 66 days since January 31, 2012, the date of the first McAllister affidavit), for a grand total of $1,077,521.80, with interest continuing to accrue. I will approve attachment in the amount of $1,075,000.00, assuming in the defendants' favor that this matter will be resolved in short order.

## IV. Conclusion

For the foregoing reasons, the plaintiff's motion for attachment and attachment on trustee process is **GRANTED** against each of the defendants, but only in the amount of $1,075,000.000.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 6th day of April, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge